UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY,

                    Plaintiff,

            -against-

HORIZON COACH, INC., CLEMENTE M.
D'ALESSIO, THE WINFIELD GROUP, INC.,
and JOHN R. TOMASSI,

                    Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 07-1477 (DRH) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Hurley for a determination of the damages to be awarded on the entry of default judgment against defendant Horizon Coach, Inc. ("Horizon"). For the reasons set forth herein, the undersigned recommends that the plaintiff be awarded $530,787.00 in damages in damages, plus interest and costs.

## BACKGROUND

       The following factual allegations are taken from the complaint. Compl., Docket Entry ("DE") [1]. In October of 2003, defendants applied to Liberty Mutual Insurance Company ("Liberty Mutual") for a business automobile insurance policy for Horizon. DE [1]. The Winfield Group, Inc. ("Winfield Group"), acting as Horizon's insurance broker, prepared and submitted the application on behalf of Horizon. DE [1]. John R. Tomassi ("Tomassi"), Winfield Group's President and Chief Executive Officer, signed the application and certified that the information contained therein was true and accurate. *Id*. at ¶¶ 11, 28-29. Prior to submission, Clemente M. D'Alessio ("D'Alessio"), the President of Horizon, also signed and attested to the validity of the application. *Id*. at ¶¶ 7, 27.

Plaintiff alleges that in the application, defendants misrepresented and concealed the true information concerning the distance Horizon's vehicles regularly traveled in order to induce Liberty Mutual to provide automobile insurance coverage to Horizon at a lower premium. *Id*. at ¶¶ 36, 41. Defendants represented that vehicles operated by Horizon regularly traveled more than 200 miles from their place of principal garaging and were therefore subject to zone rating. *Id*. at ¶ 30. The premium for zone rated vehicles is significantly less than vehicles subject to other rating scales. *Id*. at ¶ 34. Relying upon this information, Liberty Mutual applied zone rating to assess Horizon's premium calculations, and Horizon was thereby initially charged a lower premium. *Id*. at ¶ 42. However, between March 1, 2004 and January 23, 2005, the period during which the policy was still in effect, none of Horizon's vehicles regularly traveled beyond 200 miles from where the vehicle was garaged. *Id*. at ¶¶ 14-15, 33.

Liberty Mutual alleges that it is owed not less than $676,837.00, which is the difference between what the premium should have been but for defendants' misrepresentations and what was initially charged. *Id*. at ¶ 21. Prior to the commencement of the suit, Horizon paid $146,050.00 towards satisfaction of its obligations, resulting in a premium deficit of $530,787.00. *Id*. at ¶¶ 22-23. Liberty Mutual seeks to recover not less than $530,787.00, with interest thereon from May 19, 2005 at the rate of 9% per annum. *Id*. at ¶ 24.

## Procedural History

This action was commenced in April 2007. DE [1]. All defendants initially answered and discovery commenced. Plaintiff has settled its claims against defendants Winfield Group and Tomassi.

Defendants Horizon and D'Alessio subsequently failed to participate in discovery, despite several directives from the court. On May 27, 2008, the undersigned issued a report and

recommendation that the answer, cross-claim, and counterclaim of Horizon and D'Alessio be stricken, and a default judgment entered against those defendants. DE [27]. By order dated June 13, 2008, Senior Judge Denis R. Hurley adopted the report and recommendation and directed plaintiff to file a motion for default judgment against both Horizon and D'Alessio. DE [29].

Plaintiff filed its motion for default judgment against Horizon on June 26, 2008, and further moved to sever the claims of D'Alessio, who filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code on May 29, 2008. DE [31]. On July 2, 2008, the court entered default judgment against Horizon and referred the matter to the undersigned for an inquest on damages and attorneys' fees. Elec. Order of 7/2/08.[1]

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)

---

[1] Due to D'Alessio's petition in bankruptcy, all judicial proceedings against him were automatically stayed pursuant to 11 U.S.C. § 362(a). DE [33]. By order dated August 8, 2008, the court vacated the June 13, 2008 order as to D'Alessio and plaintiff's motion to sever its claims against D'Alessio was granted. *Id*.

(citations omitted). In this case, the documentary evidence submitted by the plaintiff supports the damages sought. S*ee Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

In support of its damages claim, plaintiff provided the affidavit of Perola Andersson. Andersson Aff., [31-5]. In support of her testimony, Andersson relies on the business auto insurance policy and Horizon's Statement of Account as of March 13, 2007, that documents the fees and payments charged and the remaining balance of $530,787.00 due to Liberty Mutual. Andersson Aff., [31-10, 11]. The court finds this to be sufficient proof of damages, and recommends that the plaintiff be awarded $530,787.00.[2]

Plaintiff further seeks pre-judgment interest. "In a diversity case, state law governs the award of prejudgment interest." *Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008). Under New York law, prejudgment interest is recoverable only in certain types of actions, including breach of performance of a contract. *See* N.Y. C.P.L.R. § 5001(a). In an action to recover damages for breach of contract, New York law provides for the recovery of prejudgment interest computed "from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). Plaintiff seeks prejudgment interest from May 19, 2005.[3] Relying on New York law, plaintiff is entitled to simple interest at New York's statutory rate of 9%. *See* N.Y. C.P.L.R. § 5004.

The court also finds that plaintiff is entitled to an award of post-judgment interest and recommends an award of such interest at the statutory rate prescribed by 28 U.S.C. § 1961(a). Additionally, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, plaintiff is entitled

---

[2] Although plaintiff seeks recovery of punitive damages in its complaint, plaintiff makes no such request in its motion for default judgment and punitive damages will thereby not be awarded.
[3] Although plaintiff does not justify the selection of this particular date, the original insurance policy was to remain in effect through March of 2005, and the court finds the proposed date reasonable in light of this fact.

to costs other than attorneys' fees. Plaintiff is thereby permitted to recover the $350.00 filing fee as a cost. Sherman Aff., 13. Also, by order dated May 27, 2008, the plaintiff was awarded $750.00 in sanctions and is still entitled to recovery in that amount. DE [28].

Thus, the court recommends that plaintiff be awarded $530,787.00 in damages, prejudgment interest from May 19, 2005 at the statutory rate of 9%, post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961(a), the $350.00 filing fee, and $750.00 in sanctions.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       July 15, 2009

                                                             /s/ William D. Wall
                                                             WILLIAM D. WALL
                                                             United States Magistrate Judge